UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 7, 2013

LETTER TO COUNSEL:

RE: *Melanie S. Hall v. Commissioner, Social Security Administration*;
Civil No. SAG-11-3179

Dear Counsel:

On November 7, 2011, the Plaintiff, Melanie S. Hall, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 21). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Hall filed her claim on January 13, 2005, alleging disability beginning on October 3, 2003. (Tr. 60-62). Her claim was denied initially on September 22, 2005, and on reconsideration on February 11, 2006. (Tr. 31-32). In 2007, following a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied Ms. Hall's claim. (Tr. 12-22). However, the Commissioner consented to remand of Ms. Hall's case in 2008. (Tr. 320B-320D). A re-hearing occurred on August 19, 2009. (Tr. 377-421). Following the re-hearing, on November 4, 2009, the ALJ again determined that Ms. Hall was not disabled during the relevant time frame. (Tr. 293-307). Because the Appeals Council denied Ms. Hall's request for review, (Tr. 234-37), the ALJ's 2009 decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Hall suffered from the severe impairments of obesity, plantar fasciitis and depression. (Tr. 295). Despite these impairments, the ALJ determined that Ms. Hall retained the residual functional capacity ("RFC") to:

perform a restricted range of sedentary work as defined in 20 CFR 416.967(a), limited by the ability to lift 10 lbs occasionally and less than 10 lbs frequently. The claimant can sit for as much as 6 hours in an 8-hour work-day. She has unlimited pushing and pulling abilities. She can occasionally climb ramps/stairs, and occasionally engage in balancing, stooping, kneeling, crouching, and crawling, but she can never climb ladders, ropes, or scaffolds. She must perform

>only routine, repetitive unskilled tasks. She must avoid concentrated exposure to environmental irritants.

(Tr. 297). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Hall could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 306-07).

Ms. Hall raises three issues on appeal. First, she contends that the ALJ cannot reject the opinion of the medical expert. Second, she argues that the ALJ's hypothetical to the VE contained meaningless mental limitations. Finally, she submits that the ALJ did not adequately consider her social functioning, eating disorder, and asthmatic bronchitis at Step Two. After a careful review of the ALJ's opinion and the evidence of record, I find that Ms. Hall's arguments lack merit.

Ms. Hall's first argument relates to the testimony of the medical expert, Dr. Daniel Freedenburg. Dr. Freedenburg did not examine Ms. Hall. (Tr. 408). However, he testified at the hearing that he believed Ms. Hall met the listing for morbid obesity. (Tr. 411). When advised that there is no listing for morbid obesity, he testified that Ms. Hall's bulimic symptoms could cause life-threatening complications. (Tr. 412). However, he conceded that there was no evidence of such complications in Ms. Hall's case. *Id.* He further testified, on cross-examination, that he believed Ms. Hall's eating disorder "would equal 12, the 12 listing." (Tr. 412-13).

Ms. Hall argues, without citing any legal authority, that a medical expert's opinion is entitled to deference. Pl. Mot. 7-8. Weight is assigned to medical opinions based on a series of factors, including the length of a physician-patient relationship. An ALJ can assign controlling weight only to certain medical opinions from treating sources. *See* 20 C.F.R. 416.927(c)(2); SSR 96-2p, 1996 WL 374188, at *2. Dr. Freedenburg did not treat, or even examine, Ms. Hall. Dr. Freedenburg's status as a medical expert did not require the ALJ to accept his opinion, particularly as to the issue of whether Ms. Hall's impairments met the listings. *See* Hearings Appeals and Litigation Law (HALLEX) Manual I-2-5-32 (stating that a medical expert's opinion is not binding on an ALJ); *see also Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole."); *Carter v. Astrue*, No. CBD-10-1882, 2011 WL 3273060, at *5 (D. Md. July 27, 2011) ("[W]hether the ME stated that Plaintiff met a certain listing is not dispositive but rather advisory.").

The ALJ engaged in appropriate consideration of Dr. Freedenburg's testimony. The ALJ noted that Dr. Freedenburg had opined that Ms. Hall's impairments met the listings for morbid obesity and eating disorders. (Tr. 295). The ALJ noted that there were no listings for either. Instead, the ALJ analyzed whether Ms. Hall's impairments qualified under the introduction to the mental disorders listings, specifically § 12.00(D)(12), and whether her mental impairments met Listings 12.02 and 12.04. *Id.* The ALJ determined that her impairments did not meet any of

the listings.  Moreover, the ALJ thoroughly assessed Dr. Freedenburg's opinion as follows:

> Finally, I find Dr. Freedenberg's opinion to be inconsistent with the claimant's hearing testimony and medical records, which show that the claimant has no more than mild-to-moderate limitations on her functional abilities.  As stated hereinabove [sic], Dr. Freedenberg reported that the claimant's obesity met the listing for morbid obesity.  However, I note that consultative examiners Dr. Hunt and Dr. Saluja reported that the claimant had full ranges of motion in her extremities, she had no muscle weakness, she ambulated without assistance, and she could stand for at least 6 hours in an 8-hour work-day.  As such, I assign Dr. Freedenberg's opinion little weight.

(Tr. 305).  The ALJ's determination to assign little weight to Dr. Freedenburg's opinion is supported by substantial evidence, and no remand is necessary.

Ms. Hall next argues that the ALJ presented an improper hypothetical to the VE, because his limitation to "routine, repetitive and unskilled tasks" did not result in any restrictions to the jobs that had been identified by the VE at her first administrative hearing.  Pl. Mot. 8-9.  The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988).  The ALJ engaged in an extensive chronology of Ms. Hall's medical examinations, including her mental health evaluations.  (Tr. 298-305).  With that summary, the ALJ determined that Ms. Hall's mental health impairment did not produce "any more than, at most, mild-to-moderate limitations on her ability to engage in basic work activities."  (Tr. 303).  Specifically, the ALJ assigned "great weight" to the opinions of Dr. Taylor-Ennis and Dr. Kashyap, both of whom performed psychiatric evaluations.  (Tr. 304).  Based upon the evidence cited by the ALJ, it appears that the restriction to "routine, repetitive, and unskilled tasks" was based on substantial evidence and accurately reflected Ms. Hall's limitations.  The mere fact that the VE continued to suggest the same jobs even with the limitation only indicates that the original unskilled, sedentary jobs suggested by the VE at the first hearing did not involve tasks that were other than "routine and repetitive."  The ALJ's hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid.

Finally, Ms. Hall submits that the ALJ should have found her asthmatic bronchitis, social functioning, and eating disorder to be severe impairments at Step Two.  An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)).  With respect to asthmatic bronchitis, Ms. Hall contends that because the ALJ included a restriction pertaining to exposure to environmental irritants in her RFC, he had to classify asthmatic bronchitis as a severe

impairment. That argument is flawed, because the ALJ quite properly considered both severe and non-severe impairments in formulating Ms. Hall's RFC. *See* SSR 96-8p, 1996 WL 374184, *5 (1996) (stating that "in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). With respect to both social functioning and eating disorder, even if I were to agree that the ALJ erred in his evaluation of those impairments at Step Two, such error would be harmless. Because Ms. Hall made the threshold showing that other impairments were severe, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Hall's ability to work. *See* 20 C.F.R. § 404.1523. In particular, Ms. Hall's mental impairments, including social functioning and eating disorder, were evaluated by the ALJ elsewhere in the opinion. Accordingly, I find no basis for remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 21) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge